UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION,
AT DAYTON

| | |
|---|---|
| TRUSTEES OF THE IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY PENSION TRUST<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE STEEL ERECTORS, INC., *et al.*<br><br>Defendants. | CASE NO. 3:10-CV-82<br><br>JUDGE WALTER H. RICE |

### ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

This action is before the Court on Plaintiff's motion for default judgment and damages against Defendants Allstate Steel Erectors, Inc. ("Allstate Steel"), Allstate Steel of Indiana, Inc. ("Allstate Indiana"), and Allstate Steel Crane Rental, LLC ("Allstate Crane") (hereinafter Allstate Steel, Allstate Indiana, and Allstate Crane shall be referred to jointly as the "Allstate Defendants"). The Allstate Defendants did not oppose Plaintiff's Motion. This Order incorporates all well-pleaded allegations set forth in the Plaintiff's Amended Complaint (Case Doc. #8) as to the Allstate Defendants, including all allegations regarding liability.

### I. Background Facts

Plaintiff is the Board of Trustees of the Iron Workers District Council of Southern Ohio & Vicinity Pension Trust ("Plaintiff"). The Iron Workers District Council of Southern Ohio and Vicinity Pension Trust (the "Pension Trust") is an employee pension plan as defined by Section 3(2) of ERISA, 29 U.S.C. § 1002(3), and a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3). Plaintiff filed a Motion for Default Judgment and a Memorandum in Support thereof. The affidavit of attorney

1

George H. Faulkner with supporting exhibits was attached to Plaintiff's Memorandum in Support of Default Judgment.

## II. Procedural History

Plaintiff filed this Case on March 4, 2010. (Case Doc. #1). Plaintiff's Amended Complaint was filed on August 16, 2010. (Case Doc. #8). Plaintiff properly served each of the Allstate Defendants with a copy of the summons and the amended complaint. (Case Doc. #10, #11, and #12). The Allstate Defendants' answers were due by September 16, 2010, but no answer was filed. Plaintiff moved for an entry of default on January 3, 2011. (Case Doc. #26). The clerk made an entry of default against the Allstate Defendants on January 6, 2011. (Case Doc. #30). Although Plaintiff later filed a Second Amended Complaint (Case Doc. #52), no new allegations were made as to the Allstate Defendants. Further, no answer has been filed by the Allstate Defendants to the date of this Order and the Allstate Defendants remain in default. Likewise, the Allstate Defendants have made no other attempt to defend this Case.

## III. Analysis

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See,* Fed. R. Civ. P. 55(a). Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983). Allegations relating to the amount of damages suffered are ordinarily not accepted as true. A judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits. *Id.*

The Allstate Defendants' failure to file an answer, or to respond to the entry of default (Case Doc. #30), make it clear that they have no intention of defending this Case. Therefore, default judgment and damages on the default judgment are warranted.

Plaintiff filed a motion for damages, requesting the following relief from the Allstate Defendants, jointly and severally: (i) **$3,633,936.00** in withdrawal liability; (ii) **$644,741.54** in interest; (iii) **$817,635.60** in liquidated damages; (iv) additional amounts in reasonable attorneys' fees and costs; (v) post-judgment interest; (vi) any other legal or equitable relief that this Court deems appropriate; and (vii) that this Court retain jurisdiction over the case until the Allstate Defendants comply with this Order of Default Judgment.

Plaintiff's Motion for Default Judgment included a memorandum in support and the supporting affidavit of attorney George H. Faulkner. Mr. Faulkner's affidavit contained three (3) exhibits in support of Plaintiff's Motion. The Court incorporates the allegations put forth in Plaintiff's motion for default judgment, the memorandum in support thereof, and the supporting affidavit of attorney George H. Faulkner herein. The court concludes that the specific monetary damages claimed are sums certain supported by an affidavit and therefore a hearing on damages is not required. The Court adopts Plaintiff's prayer for damages as its own finding, as evidenced by Mr. Faulkner's affidavit.

### IV. <u>Conclusion</u>

Accordingly, based on the foregoing:

1. Plaintiff's motion for default judgment and damages as to Allstate Steel, Allstate Indiana, and Allstate Crane is GRANTED;

2. Plaintiff shall be awarded judgment against Allstate Steel, Allstate Indiana, and Allstate Crane, jointly and severally, in the amount of **$5,096,313.10**, constituting: (i)

3

$3,633,936.00 in withdrawal liability (principal); (ii) $644,741.54 in interest assessed pursuant to Plaintiff's governing plan documents; and (iii) $817,635.60 in liquidated damages assessed pursuant to Plaintiff's governing plan documents;

3. Plaintiff is awarded post-judgment interest on all amounts due hereunder from Allstate Steel, Allstate Indiana, and Allstate Crane, jointly and severally;

4. Plaintiff shall submit a motion, affidavit, and supporting documents within 14 days of the date of this Order requesting reasonable attorneys' fees and costs, which will be paid by Allstate Steel, Allstate Crane, and Allstate Indiana, jointly and severally; and

5. This Court shall retain jurisdiction over this Case pending Allstate Steel's, Allstate Indiana's, and Allstate Crane's compliance herewith.

**IT IS SO ORDERED**

Date: 7-11-11

Walter H. Rice
United States District Judge